
# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| TIRON ALEXANDER, | ) |
| | ) |
|        Appellant, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 5:25-CV-308 (MTT) |
| CLERK KYLE GEORGE, | ) |
| | ) |
|        Defendants. | ) |
| | ) |

## ORDER

Appellant Tiron Alexander, proceeding pro se, moves for leave to proceed *in forma pauperis* ("IFP"). ECF 4; 8. On July 18, 2025, Alexander filed a notice of appeal of the Bankruptcy Court of the Middle District of Georgia's June 30, 2025, order denying his motion to reopen his bankruptcy case and his motion to continue. ECF 1. However, Alexander did not pay the filing fee required to appeal. Thus, the Court ordered Alexander to show cause by August 7, 2025, why his appeal should not be dismissed for failure to pay the required filing fee. ECF. 2. In response, Alexander moved to proceed IFP. ECF 4; 8. For the following reason, Alexander's motion to appeal IFP (ECF 4; 8) is **DENIED**. To move forward with this case, Alexander is hereby **ORDERED** to pay the necessary $298 filing fee within fourteen days of entry of this Order.

## I. DISCUSSION

28 U.S.C. § 1915 provides:

(a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or

>give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>…
>(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24(a) provides:

>(1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>>(A) shows … the party's inability to pay or to give security for fees and costs;
>>(B) claims an entitlement to redress; and
>>(C) states the issues that the party intends to present on appeal.
>
>(2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed IFP.  First, it must determine whether the appellant is financially able to pay the filing fee required for an appeal.  Next, the Court must determine if the appellant has satisfied the good faith requirement.

Alexander has demonstrated he is unable to pay the appellate filing fee.  *See* ECF  4 at 1-4; 8 at 1-2.  Alexander's financial affidavit states that he is currently unemployed but receives $688 in monthly disability-related income.  ECF 4 at 3; 8 at 1; 8-1 at 1.  He claims that he has no other income sources or assets.  ECF 4 at 3; 8-1 at 1.  Alexander's total yearly income of $8,256 is below the $15,650 federal poverty guideline for a single-person household.[1]  Moreover, Alexander's monthly living expenses, including rent, utilities, food, transportation, and medical expenses, are equal to his monthly income of $688.  *ECF* 4 at 3-4; 8-1 at 1-2.  Alexander also has a total of

---

[1] The federal poverty guidelines can be found at https://aspe.hhs.gov/poverty-guidelines.

$81,000 in liabilities, including credit card debt, medical bills, and other loans.  ECF 4 at 4; 8 at 2.  Thus, Alexander has satisfied the first requirement to appeal IFP.

However, Alexander has not satisfied the good faith requirement.  "'[G]ood faith' … must be judged by an objective standard."  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The appellant demonstrates good faith when he seeks review of a non-frivolous issue.  *Id*.  An issue "is frivolous if it is 'without arguable merit either in law or fact.'"  *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted).  "Arguable means capable of being convincingly argued."  *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous … when it appears the plaintiff 'has little or no chance of success.'") (citations omitted).  "In deciding whether an IFP appeal is frivolous, a district court determines whether there is 'a factual and legal basis … for the asserted wrong, however inartfully pleaded.'"  *Sun*, 939 F.2d at 925 (citations omitted).

Here, Alexander appeals the Bankruptcy Court's order denying his motion to reopen the bankruptcy proceedings and his motion for a continuance.  ECF 1 at 37.  Alexander argues that the Bankruptcy Court (1) abused its discretion by denying his motion for a continuance, (2) misapplied the relevant legal standard, and (3) denied him due process by refusing to allow him to submit evidence telephonically.  *Id.* at 17.  However, a review of Alexander's notice of appeal and the Bankruptcy Court's well-reasoned order reveals that the Bankruptcy Court gave Alexander several opportunities to attend hearings and present evidence in support of his motion to reopen his case, and he failed to do so.  *Id.* at 7-8, 52.  Moreover, as the Bankruptcy Court concluded,

Alexander's motion to reopen his bankruptcy case was frivolous because he sought to pursue an untimely appeal.  *Id.* at 13, 19; *See also Ward v. Ally Financial*, 2019 WL 12528898, at *2 (N.D. Ga 2019) ("The bankruptcy court can refuse to reopen a case based on futility."); *In re Phillips*, 288 B.R. 584, 587 (Bankr. M.D. Ga. 2002) ("The Court will not reopen the case if doing so would be futile—i.e., if the Bank's complaint is time-barred.").  After review, the Court concludes that Alexander's notice of appeal raises no arguable merit in law or fact and is, therefore, frivolous.

Consequently, Alexander's application to appeal IFP (Docs. 4; 8) is **DENIED**.  If Alexander wishes to proceed with his appeal, he is **ORDERED** to pay the entire $298 appellate filing fee within 14 days of the entry of this order.

**SO ORDERED**, this 11th day of September, 2025.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT