IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TIRON ALEXANDER, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 5:25-CV-308 (MTT) |
| Clerk KYLE GEORGE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Appellant Tiron Alexander, proceeding pro se, filed this bankruptcy appeal on July 18, 2025. ECF 1. Alexander also moved to appeal *in forma pauperis* ("IFP"). ECF 4; 8. The Court denied Alexander's motion to appeal IFP because he failed to demonstrate a good faith basis for his appeal. ECF 9. The Court, thus, ordered Alexander to pay the required filing fee within fourteen days. *Id.* Alexander then moved for reconsideration. ECF 11. The Court denied Alexander's motion for reconsideration and again ordered him to pay the required filing fee. ECF 12. On November 13, 2025, Alexander filed a notice of interlocutory appeal and moved to proceed IFP on his appeal to the Eleventh Circuit. ECF 13; 14. For the following reasons, Alexander's motion to proceed IFP on his appeal to the Eleventh Circuit (ECF 14) is **DENIED**.

### I. DISCUSSION

28 U.S.C. § 1915 provides:

(a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or

> give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> …
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>     (A) shows … the party's inability to pay or to give security for fees and costs;
>     (B) claims an entitlement to redress; and
>     (C) states the issues that the party intends to present on appeal.
> (2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed IFP. First, it must determine whether the appellant is financially able to pay the filing fee required for an appeal. Next, the Court must determine if the appellant has satisfied the good faith requirement.

Alexander has previously demonstrated that he is unable to pay the appellate filing fee. *See* ECF 4 at 1-4; 8 at 1-2. However, Alexander has again failed to demonstrate that his appeal is taken in good faith. "'[G]ood faith' … must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The appellant demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous … when it appears the plaintiff 'has little or no chance of

success.'") (citations omitted). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is 'a factual and legal basis … for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Here, Alexander states three grounds for appeal: (1) that the Bankruptcy Court denied him due process when it "refus[ed] to reopen his case and allow him a meaningful opportunity to be heard"; (2) that "this Court erred in determining that his appeal was frivolous"; and (3) that "denying IFP status solely because of indigence violated the right to meaningful access to the courts under the Fifth and Fourteenth Amendments." *Id.* at 17.

First, as stated in the Court's previous orders, the Bankruptcy Court gave Alexander several opportunities to attend hearings and present evidence in support of his motion to reopen his case, and he failed to do so. *Id.* at 7-8, 52. Moreover, as the Bankruptcy Court concluded, Alexander's motion to reopen his bankruptcy case was frivolous because he sought to pursue an untimely appeal. *Id.* at 13, 19; *see also Ward v. Ally Financial*, 2019 WL 12528898, at *2 (N.D. Ga 2019) ("The bankruptcy court can refuse to reopen a case based on futility."); *In re Phillips*, 288 B.R. 584, 587 (Bankr. M.D. Ga. 2002) ("The Court will not reopen the case if doing so would be futile—i.e., if the Bank's complaint is time-barred."). Thus, Alexander's argument that the Bankruptcy Court denied him due process is meritless.

Second, Alexander provided no support for his contentions that this Court erred in determining his appeal was frivolous and that denying Alexander's IFP status "solely because of indigence" violates the Fifth and Fourteenth Amendment. The Court did not deny Alexander's IFP status because he is indigent. Rather, after careful review of

Alexander's notice of appeal and the bankruptcy court's orders, the Court denied Alexander's motion to appeal IFP because he failed to assert a non-frivolous argument on appeal. Thus, Alexander has again failed to demonstrate a good faith basis for his appeal.

Accordingly, Alexander's application to appeal IFP (ECF 14) is **DENIED**.

**SO ORDERED**, this 10th day of December, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
